# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> DAVID W. HAN, <br><br> Debtor. | Case No.  05-15906-RGM <br> (Chapter 11) |
| MI HWA KOZAK, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID W. HAN, <br><br> Defendant. | Adv. Proc. No. 06-1100 |

### MEMORANDUM AND ORDER DENYING EXPEDITED HEARING

Mi Hwa Kozak requests an expedited hearing on her motion to "Reopen Final Pretrial Conference." (Docket Entries 25 and 26). Trial in this matter is set for October 26, 2006.

The underlying motions states that Ms. Kozak's counsel was confused by a prior order of this court, that is, the Final Pretrial Order entered on July 10, 2006, which set the trial date, deadlines for filing exhibits and addressed discovery. (Docket Entry 7). The order stated that all discovery was completed except for depositions of the parties which were addressed in a separate order entered on August 3, 2006. (Docket Entry 11). Counsel state that they thought that there would be a final pretrial conference on October 16, 2006, and were surprised when it did not appear on the docket.

The purpose of the present motion to reopen the final pretrial conference is to enable the court to address three motions, none of which have been filed by Ms. Kozak although they are described in the present motion to reopen. Ms. Kozak seeks to have the caption of the case amended

1

to reflect a recent name change, bring to the court's attention that Mr. Han has not filed his required monthly reports and to seek relief with respect to Mr. Han's deposition that is scheduled for October 23, 2006.

Ms. Kozak is mistaken that the pretrial conference needs to be reopened in order for her to obtain the relief she describes. A pretrial conference is merely an administrative mechanism to assure the orderly flow of litigation in this court. It does not usurp ordinary motions practice. Substantive oral motions will not normally be considered at a pretrial conference. Thus, the two motions described, the motion to amend the caption of the case and the motion to enforce a subpoena, could have been and should have been brought according to the ordinary motions practice.

The third issue is the filing of monthly reports. The relief requested is unclear. The court's docket reflects that all monthly reports from December 2005 through September 2006 have been filed. The court expresses no opinion on whether they are adequate or accurate, but they are filed. A motion regarding monthly reports is usually made in connection with the administration of the bankruptcy case and is made in the main case, not in an adversary proceeding.

Examining the issues more closely, the motion to amend the caption is not an emergency. It can be made at any time. If it is a consensual motion, an endorsed order may be submitted and not hearing is necessary.

The enforcement of the subpoena is a more interesting question. Counsel speaks of a Rule 2004 examination and the subpoena as a means to assure the production of documents at the examination. In fact, when an adversary proceeding is pending, Rule 2004 examinations are not usually approved because the ordinary discovery mechanisms are fully available. One is depositions

which were addressed at the final pretrial conference on July 10, 2006 and scheduled in the order entered on August 3, 2006. (Docket Entry 11). If the party taking the deposition of another party wants documents to be produced at the deposition, he may utilize a request for production of documents. It need not be served on the opposing party, only on his counsel like all other discovery. This process has been available to Ms. Kozak since July 10, 2006.

A request for an expedited hearing requires a certification of counsel that he has carefully examined the matter and concluded that there is a true need for an emergency hearing; that he has not created the emergency through any lack of due diligence; and that he has made a bona fide effort to resolve the matter without a hearing. LBR 9013-1(N). Fed.R.Bankr.P. 7037 which incorporates Fed.R.Civ.P. 37 required that a motion to compel discovery contain a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. Fed.R.Civ.P. 37(a). Neither certification was presented to the court and from the face of the pleadings filed do not appear as if they can be made.

## **ORDER**

For the foregoing reasons, the motion for an expedited hearing is denied.

Alexandria, Virginia
October 18, 2006

                                                          /s/ Robert G. Mayer
                                                          Robert G. Mayer
                                                          United States Bankruptcy Judge

copies to:

Thomas P. Gorman
P.H. Harrington

Alan J. Cilman 13225